**2025-1733, 2025-1734**

# United States Court of Appeals
# for the Federal Circuit

---

**TOUCHMUSIC ENTERTAINMENT LLC,**
*Plaintiff*

**ZIKLAG IP LLC,**
*Plaintiff-Appellant*

v.

**APPLE INC., AMAZON WEB SERVICES, INC.,**
*Defendants-Appellees*

---

Appeals from the United States District Court for the
Northern District of Illinois in Nos. 1:24-cv-01786, 1:24-cv-01787,
Judge Steven C. Seeger.

## RESPONSE BRIEF OF APPELLEE AMAZON WEB SERVICES, INC.

Robert T. Cruzen
Caroline L. Desmond
Klarquist Sparkman, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204-2988
(503) 595-5300
rob.cruzen@klarquist.com
caroline.desmond@klarquist.com

*Counsel for Appellee*
*Amazon Web Services, Inc.*

# CERTIFICATE OF INTEREST

Counsel for Appellee Amazon Web Services, Inc., certifies that the

following information is accurate and complete to the best of our knowledge:

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. |
| Amazon Web Services, Inc. | None. | Amazon.com, Inc. |

| 4. Legal Representatives. List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4). |
|---|
| None. |

| 5. Related Cases. Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)? |
|---|
| Yes. |

| 6. Organizational Victims and Bankruptcy Cases. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6). |
|---|
| None. |

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTEREST ................................................................... i

STATEMENT OF RELATED CASES ....................................................... 1

STATEMENT OF THE ISSUES ................................................................ 1

STATEMENT OF THE CASE .................................................................... 2

I.     WHILE SUSPENDED, ORIGINAL PLAINTIFF TOUCHMUSIC FILED SUIT SEEKING DAMAGES FOR THREE DAYS OF ALLEGED INFRINGEMENT OF A LONG-EXPIRED PATENT ................................. 2

     A.     The Only Possible Damages Period Spanned Just Three Days Because The Patent Expired In 2018 And Suit Was Filed In 2024 ................... 2

     B.     Touchmusic Acknowledged That The Filing Of The Original Complaint Was "Invalid" Because Touchmusic Was Suspended By The State Of California For Failure To Pay Taxes ............................. 2

II.    TOUCHMUSIC ASSIGNED THE PATENT TO NEWLY CREATED ENTITY ZIKLAG, BUT NOT THE RIGHT TO SUE FOR PAST INFRINGEMENT ............................................................................... 3

III.   THE DISTRICT COURT GRANTED AWS'S MOTION TO DISMISS BECAUSE ZIKLAG LACKED THE RIGHT TO SUE FOR PAST INFRINGEMENT ............................................................................... 4

SUMMARY OF THE ARGUMENT .......................................................... 5

ARGUMENT ............................................................................................. 6

I.     STANDARD OF REVIEW ................................................................ 6

II.    THE DISTRICT COURT PROPERLY DISMISSED ZIKLAG'S COMPLAINT BECAUSE TOUCHMUSIC DID NOT ASSIGN THE RIGHT TO PURSUE CLAIMS FOR PAST INFRINGEMENT ................. 7

III.   ZIKLAG'S CLAIMS ARE TIME-BARRED UNDER THE PATENT-DAMAGES STATUTORY LIMITATIONS PERIOD ............................. 15

A.    Touchmusic's Original Complaint Was Invalid Because Touchmusic Was Suspended While Damages Were Available Under The Statutory Limitations Period ...............................................................................16

B.    Ziklag's Claims Are Time-Barred ......................................................19

CONCLUSION.........................................................................................................22

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS...23

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*621 Two LLC v. Leggett & Platt, Inc.*,
  No. CV 20-4883 PSG (EX), 2021 WL 4355450 (C.D. Cal. July 9, 2021)..........20

*Abraxis Bioscience, Inc. v. Navinta LLC*,
  625 F.3d 1359 (Fed. Cir. 2010) ...................................................................9

*Alps S., LLC v. Shumaker, Loop & Kendrick, LLP*,
  No. 2018-1717, 2018 WL 4522168 (Fed. Cir. June 14, 2018) ...........................18

*Anza Tech., Inc. v. Mushkin, Inc.,*
  934 F.3d 1359 (Fed. Cir. 2019) .................................................................18

*Arachnid, Inc. v. Merit Industries, Inc.*,
  939 F.2d 1574 (Fed. Cir. 1991) ...............................................................8, 9

*Community Electric Service, Inc. v. National Electric Contractors Association*,
  869 F.2d 1235 (9th Cir.1989) ...................................................................20

*Computer Prods. Int'l, Inc. v. United States*,
  26 Cl. Ct. 518 (Cl. Ct. 1992) ...................................................................20

*Crown Die & Tool Co. v. Nye Tool & Mach. Works*,
  261 U.S. 24 (1923) ...............................................................................8, 12

*Ctr. for Self-Improvement & Cmty. Dev. v. Lennar Corp.*,
  173 Cal. App. 4th 1543, 94 Cal. Rptr. 3d 74 (2009)..........................................18

*Ennenga v. Starns*,
  677 F.3d 766 (7th Cir. 2012).......................................................................7

*Exmark Mfg. Co. v. Briggs & Stratton Power Prod. Grp., LLC*,
  879 F.3d 1332 (Fed. Cir. 2018) .................................................................18

*Fullview, Inc. v. Polycom, Inc.*,
  No. 18-CV-00510-EMC, 2020 WL 4196849 (N.D. Cal. May 12, 2020)............18

iv

*Harutunian v. Link United States*,
   No. 20STCV00876, 2023 Cal. Super. LEXIS 13721
   (Cal. Super. Ct. Feb. 3, 2023) .................................................................21

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) ................................................................7

*Kennedy v. Wright*,
   867 F.2d 616, 1989 WL 5240 (Fed. Cir. Jan. 26, 1989) ......................19

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
   797 F.3d 1025 (Fed. Cir. 2015) ...............................................................10

*Manistee Apartments, LLC v. City of Chi.*,
   844 F.3d 630 (7th Cir. 2016) .....................................................................7

*Mars, Inc. v. Coin Acceptors, Inc.*,
   527 F.3d 1359 (Fed. Cir. 2008) ....................................................... 11, 12

*McZeal v. Sprint Nextel Corp.*,
   501 F.3d 1354 (Fed. Cir. 2007) .................................................................7

*Minco, Inc. v. Combustion Eng'g, Inc.*,
   95 F.3d 1109 (Fed. Cir. 1996) ....................................................... *passim*

*Moore v. Marsh*,
   74 U.S. 515 (1868) .................................................................................7, 8

*Morrow v. Microsoft Corp.*,
   499 F.3d 1332 (Fed. Cir. 2007) ...............................................................12

*Perry v. Globe Auto Recycling, Inc.*,
   227 F.3d 950 (7th Cir. 2000) ...................................................................19

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
   572 U.S. 663 (2014) ..................................................................................17

*SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*,
   580 U.S. 328 (2017) ............................................................................ 17, 18

*Slaney v. The Int'l Amateur Athletic Fed'n*,
   244 F.3d 580 (7th Cir. 2001) ...............................................................7, 16

*SNI Sols., Inc. v. Univar USA, Inc.*,
   No. 4:18-CV-4090, 2019 WL 3306215 (C.D. Ill. July 23, 2019) ........................18

*Townsend v. Holman Consulting Corp.*,
   914 F.2d 1136 (9th Cir. 1990) ...............................................................................21

*V&P Trading Co., Inc. v. United Charter, LLC*,
   151 Cal. Rptr. 3d 146 (Cal. App. 2012), *aff'd*, No. 21-55871,
   2022 WL 16916365 (9th Cir. Nov. 14, 2022) ......................................................20

*Ziklag IP LLC v. Netflix, Inc.*,
   No. 24-cv-01789, 2025 WL 904311 (N.D. Ill. Mar. 25, 2025) .............................4

## Statutes

35 U.S.C. § 286 ................................................................................ *passim*

## Rules

Fed. R. Civ. P. 12 ...............................................................................................4

## Other Authorities

Cal. Rev. & Tax. Code, § 23305a ........................................................................21

## STATEMENT OF RELATED CASES

Amazon Web Services, Inc. ("AWS") agrees with the Statement of Related Cases by Ziklag IP LLC ("Ziklag") but notes that Ziklag has appealed the judgment in *Ziklag IP LLC v. Netflix, Inc.*, Case No. 1:24-cv-01789 (N.D. Ill.) to this Court, and that appeal (No. 25-1960) has been assigned to the same merits panel as these cases per the Court's August 8, 2025, Order.

## STATEMENT OF THE ISSUES

1. Whether the district court correctly held that Ziklag could not sue for any infringement of the asserted patent that occurred before it took ownership of the patent because the assignment agreement did not include any language granting Ziklag the right to sue for past infringement.

2. Whether Ziklag's complaint should have been dismissed as time-barred because the original plaintiff Touchmusic Entertainment LLC ("Touchmusic") was suspended and had no right to sue while damages were still available under the six-year damage limitations statute, 35 U.S.C. § 286, Ziklag's amended complaint was filed more than six years after the patent expired, and the amended complaint did not relate back to the date of Touchmusic's invalid filing.

## STATEMENT OF THE CASE

**I.    WHILE SUSPENDED, ORIGINAL PLAINTIFF TOUCHMUSIC FILED SUIT SEEKING DAMAGES FOR THREE DAYS OF ALLEGED INFRINGEMENT OF A LONG-EXPIRED PATENT.**

### A.    The Only Possible Damages Period Spanned Just Three Days Because The Patent Expired In 2018 And Suit Was Filed In 2024.

Touchmusic originally filed its complaint alleging infringement of United States Patent No. 6,182,128 ("the '128 patent") on March 2, 2024. Appx101. At that time, the only available remedy was three days of damages. Under the six-year damage-limitation statute, 35 U.S.C. § 286, Touchmusic could not claim damages for infringement before March 2, 2018, and the '128 patent expired three days after that, on March 5, 2018. Appx020. In other words, Touchmusic filed the original complaint three days before any possible claim to damages expired. Appx102 (¶ 4).

### B.    Touchmusic Acknowledged That The Filing Of The Original Complaint Was "Invalid" Because Touchmusic Was Suspended By The State Of California For Failure To Pay Taxes.

When Touchmusic filed the original complaint, Touchmusic was a suspended California LLC because it had failed to pay taxes for many years. Ziklag Br. at 8; Appx531. In correspondence with AWS, Touchmusic acknowledged that, as a result of its suspended status, "the filing of the complaint at the time it was filed was invalid." Appx137.

## II.  TOUCHMUSIC ASSIGNED THE PATENT TO NEWLY CREATED ENTITY ZIKLAG, BUT NOT THE RIGHT TO SUE FOR PAST INFRINGEMENT.

On April 12, 2024, more than a month after it filed suit, Touchmusic was revived as a California LLC. Appx161. Less than a week later, on April 18, 2024, Ziklag was formed. Appx164. The same day, Touchmusic assigned the '128 patent to Ziklag. Appx017. The same person, named alleged inventor Loren Johnson, signed the assignment document on behalf of both Touchmusic and Ziklag. Appx018.

By its terms, the agreement assigning the '128 patent from Touchmusic to Ziklag conveyed "all of Touchmusic's right, title, and interest in and to" the '128 patent. Appx017. It contained no language assigning to Ziklag the right to pursue claims for past infringement. The assignment never mentions past infringement or past damages in any way.

On June 3, 2024, Ziklag filed an amended complaint that replaced Touchmusic with Ziklag as the plaintiff. Appx106. The district court allowed the substitution even though Touchmusic did not move to substitute under Rule 25. While the district court observed that AWS did not object to the substitution (Appx003-004), among the grounds that AWS advanced in its motion to dismiss was that the amended complaint naming Ziklag as plaintiff could not relate back to the

filing date of the original complaint, and the amended complaint must be dismissed because Ziklag's claims were time-barred. Appx130-132.

## III.    THE DISTRICT COURT GRANTED AWS'S MOTION TO DISMISS BECAUSE ZIKLAG LACKED THE RIGHT TO SUE FOR PAST INFRINGEMENT.

AWS moved to dismiss the amended complaint on multiple grounds. Appx114-132. The district court granted the motion and entered judgment for AWS on one of those grounds—that the assignment conveying rights in the '128 patent did not grant Ziklag the right to sue for past infringement. Appx013.[1] In doing so, the district court observed that the assignment transferred ownership of the '128 patent but "didn't mention any past infringement," and that, as a matter of long-settled law, the "bare reference to all right, title, and interest does not normally transfer the right to sue for past infringement." Appx012-013 (quoting *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1117 (Fed. Cir. 1996)). The district court further noted an opinion by a different judge in the Northern District of Illinois in a related case. Appx011 (citing *Ziklag IP LLC v. Netflix, Inc.*, No. 24-cv-01789, 2025 WL 904311, at *4–5 (N.D. Ill. Mar. 25, 2025)). The judge in *Netflix* likewise found that the assignment agreement from Touchmusic to Ziklag did not grant the right to sue for past infringement. *Netflix*, 2025 WL 904311, at *4–5.

---

[1] The district court treated this defect as a failure to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6), reasoning that Ziklag's lack of statutory standing does not implicate the court's subject matter jurisdiction. Appx011.

Apart from the assignment issue the district court found dispositive, AWS also argued that dismissal was required because Touchmusic's claims were time-barred. The six-year limitations period under 35 U.S.C. § 286 expired while Touchmusic was still suspended and the filing of Touchmusic's invalid original complaint during its suspension did not operate to toll the limitations period. Appx130-132. AWS argued that, as a result, Ziklag's amended complaint did not relate back to the filing date of Touchmusic's original complaint, and Ziklag's claims were time-barred. Appx130-132. The district court did not reach this alternative ground for dismissal.[2]

The district court entered judgment in AWS's favor, Appx014, and Ziklag timely appealed, Appx197.

## SUMMARY OF THE ARGUMENT

The district court properly dismissed the complaint and correctly determined that Ziklag lacked the right to sue for past infringement. That decision is supported by the record and controlling precedent. The right to recover for patent infringement belongs to the entity that owns the patent at the time infringement allegedly occurred. It is well established that a patent assignment must expressly grant the right to sue

---

[2] AWS also argued in the district court that dismissal was required because Touchmusic lacked Article III standing when it filed the original complaint while it was suspended by the State of California. Appx124-128, Appx184-190. The district court rejected this argument and held Touchmusic had Article III standing. Appx010.

for past infringement for an assignee to obtain the right to pursue claims for past damages. This Court has held that a patent assignment like the one assigning the '128 patent from Touchmusic to Ziklag that merely conveys all right, title, and interest in a patent does *not* convey rights to pursue claims for any alleged infringement that occurred prior to the assignment. As the district court correctly held, the fact that the '128 patent was expired does not alter this analysis. Nothing in the language of Touchmusic's assignment referred to a right to sue for past infringement, much less any intent to transfer that right. This Court should reject Ziklag's attempt to create a new rule that would read into an assignment the right to pursue claims for past infringement where no language conveying that right appears in the assignment.

Dismissal was also proper based on another ground asserted in AWS's motion: the six-year statutory limitations period in 35 U.S.C. § 286 expired while Touchmusic was suspended and well before Ziklag was substituted as plaintiff via the amended complaint. Ziklag's claims are thus time-barred.

## ARGUMENT

## I. STANDARD OF REVIEW

This Court reviews "an appeal from an order granting a motion to dismiss for failure to state a claim upon which relief can be granted … under the applicable law of the regional circuit." *In re Bill of Lading Transmission & Processing Sys. Pat.*

*Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007)). The Seventh Circuit reviews a district court's dismissal for failure to state a claim de novo. *Manistee Apartments, LLC v. City of Chi.*, 844 F.3d 630, 633 (7th Cir. 2016). A dismissal may be affirmed, "on any ground supported by the record, even if different from the grounds relied upon by the district court." *Slaney v. The Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001).

In deciding limitations issues at the dismissal stage, the Court may take judicial notice of facts "(1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned." *Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012). These include "matters of public record," such as records maintained by a state's Secretary of State. *Id.*

## II.   THE DISTRICT COURT PROPERLY DISMISSED ZIKLAG'S COMPLAINT BECAUSE TOUCHMUSIC DID NOT ASSIGN THE RIGHT TO PURSUE CLAIMS FOR PAST INFRINGEMENT.

For a patent assignment to transfer the right to pursue claims for past infringement to a new owner, language in the agreement must manifest an intent to convey that right. As the Supreme Court put it over 150 years ago, "it is a great mistake to suppose that the assignment of a patent carries with it a transfer of the right to damages for an infringement committed before such assignment." *Moore v.*

7

*Marsh*, 74 U.S. 515, 521 (1868). This Court's precedent has likewise recognized "a general rule that the right to sue for prior infringement is not transferred unless *the assignment agreement* manifests an intent to transfer this right." *Minco*, 95 F.3d at 1117 (emphases added).

The right to pursue infringement claims belongs to the entity that held legal title to the patent when infringement occurred. "The general rule is that one seeking to recover money damages for infringement of a United States patent (an action 'at law') must have held the *legal title* to the patent *during the time of the infringement*." *Arachnid, Inc. v. Merit Industries, Inc.*, 939 F.2d 1574, 1579 (Fed. Cir. 1991). The assignor of a patent retains the right to pursue claims for past infringement unless it expresses an intent—in the agreement—to convey that right. "Thus, the conveyance of the patent does not normally include the right to recover for injury occurring to the prior owner." *Minco,* 95 F.3d at 1117 (citing *Crown Die & Tool Co. v. Nye Tool & Mach. Works*, 261 U.S. 24, 43 (1923)).

The district court correctly observed that the assignment conveying the '128 patent from Touchmusic to Ziklag included no language transferring the right to pursue claims for past infringement. Appx012-013. Indeed, the assignment does not mention past damages or the right to sue for past infringement at all. Appx017. Rather, the assignment conveyed only "all of Touchmusic's right, title, and interest in and to" the '128 patent. Appx017.

8

The district court properly concluded that language failed to convey the right to sue for past infringement. Under this Court's precedent, the right to sue for past infringement is not transferred by "the bare reference to all right, title, and interest" in an assignment. *Minco*, 95 F.3d at 1117. "The authorities are uniform that the latter assignment [of a right of action for past infringements] must be express, and cannot be inferred from an assignment of the patent itself." *Arachnid*, 939 F.2d at 1579 n.7; *see also Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1367 (Fed. Cir. 2010) ("A party may sue for past infringement transpiring before it acquired legal title if a written assignment expressly grants the party a right to do so."). The district court faithfully applied the principles articulated in these precedents in holding that the assignment agreement failed to convey to Ziklag any right to recover damages for past infringement claims.

This Court should decline Ziklag's invitation to create a new, bifurcated analysis based on whether a patent is expired when assigned. The crux of Ziklag's argument on appeal is that the Court should read into the '128 patent assignment a conveyance of the right to sue for past infringement, even though it contains no language granting that right, because the patent had already expired when it was assigned. Ziklag Br. at 12. Ziklag cites no law supporting its argument. Ziklag's unsupported theory would create two tests: one for assignments of unexpired patents (requiring an express grant of the right to sue for past infringement) and another for

assignments of expired patents (where the right to sue for past infringement would be read into the agreement based on the patent's status even when the assignor did not expressly convey that right).

This Court, in the context of a standing analysis, has declined to create two different standards that treat assignments differently depending on whether the subject is an expired or an unexpired patent. *See Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1034 (Fed. Cir. 2015). In *Keranos*, the Court "declin[ed] to create one test for establishing standing when an unexpired patent has been transferred and a second test for establishing standing when an expired patent has been transferred." *Id*. The Court held that the plaintiff had standing notwithstanding the patent's expired status in part because the assignment there, unlike here, expressly conveyed the "exclusive past, present, and future rights to sue and recover for infringement," and disclaimed the transferor's right to sue accused infringers for past infringement without written authorization from the plaintiff, Keranos. *Id*. at 1031–32. The Court should similarly decline to embrace a new test applying two different standards here when the assignment at issue uses standard language that this Court's precedents have found fails to convey the right to sue for past infringement.

The bifurcated test Ziklag seeks also poses serious problems. For example, it would allow the same language to grant more rights in unexpired patents than in

active patents. That would reduce certainty in the rights parties possess after assignments. Moreover, it would prove unworkable in circumstances where both expired and unexpired patents were included in the same assignment that lacked express language regarding past damages. Ziklag's position, if adopted, would sow confusion where none currently exists.

Ziklag's principal argument is also wrong. Ziklag argues that "[t]he assignment of an expired patent could have no other purpose other than to sue for past infringement." Ziklag Br. at 12. But there are many reasons parties might elect to convey ownership of expired patents. For example, parties may desire to maintain consistent ownership of a family or portfolio of patents. Additionally, patents that have expired for failure to pay maintenance fees may in some circumstances be revived, and such expired patents might be acquired in hopes of reviving and asserting them against competitors' ongoing and future activities alleged to infringe. Further, there is an intangible prestige and goodwill associated with patent ownership, which may motivate parties to convey ownership of expired patents.

Regardless, this Court has previously rejected a similar argument, and it should similarly reject Ziklag's argument here. In *Mars, Inc. v. Coin Acceptors, Inc.*, the Court addressed whether the plaintiff regained standing to sue for past infringement after it assigned patent title to its subsidiary during the litigation and later entered into an agreement with the subsidiary transferring back "any rights in

or to any past infringement" of the then-expired patent (but no other rights). 527 F.3d 1359, 1363–64, 1369−72 (Fed. Cir. 2008). The plaintiff argued that the transfer of the right to sue was effectively the same thing as a transfer of title because the right to sue for past infringement was the "only remaining right[]" that could have been conveyed in a then-expired patent. *Id*. at 1372. The Court rejected that argument and held that the agreement that transferred only "any rights in or to past infringement" did not convey title and thus failed to confer standing on the transferee. *Id*. at 1371–72. The Court reasoned that "[t]itle to a patent—even an expired patent—includes more than merely the right to recover damages for past infringement." *Id*. at 1372. The Court in *Mars* consistently applied Supreme Court and Federal Circuit precedent to the circumstances of transferring rights in expired patents. Those precedents correctly treat the right to sue for past infringement as distinct from title. *See id*. at 1371−72 (citing *Crown Die*, 261 U.S. at 39; *Morrow v. Microsoft Corp*., 499 F.3d 1332, 1342 (Fed. Cir. 2007)). There is no reason to deviate from settled precedent here.

The district court properly followed these precedents and declined to read into the assignment agreement the conveyance of a right to pursue past infringement claims merely because the assignment conveyed title to an expired patent. The right to sue for past infringement must be expressly assigned, and here it was not. While Ziklag argues on appeal the Court should read that right into the assignment based

on outside circumstances, it points to nothing in the agreement itself that manifests any such intention. Further, Ziklag invokes no principles of contract law that support its reading of the assignment, nor does Ziklag argue the result turns on the application of any particular state's contract laws. That is not surprising: the very language at issue in the assignment here has already been determined by the Court insufficient to convey the right to sue for past infringement. *Minco*, 95 F.3d at 1117 ("[T]he bare reference to all right, title, and interest does not normally transfer the right to sue for past infringement.").

Ziklag quotes other language from *Minco* noting that "[n]either statute nor common law precedent . . . requires a particular formula or set prescription of words to express that conveyance [of the right to pursue past infringement claims]." 95 F.3d at 1117. But the fact that no particular magic words are required does not mean that no words are required at all. A court cannot conjure language conveying such a right where none otherwise exists. *Minco* does not support Ziklag's assertion that the conveyance of the right to sue for past infringement may be inferred in the absence of language manifesting an intent to convey it. In *Minco*, there was a prior assignment that assigned all "right, title, and interest" from the then-patent holders to an entity named MAC. *Id*. The Court recognized that such a bare reference alone would not convey the right to sue for past infringement, but other language in the assignment to MAC defined "right, title, and interest" to include "all rights of action

13

and damages for past infringement." *Id*. The assignment to MAC also expressly stated that the assignors were "not retain[ing] any right to any recoveries for [past] infringement." *Id*. The next assignment from MAC to Minco then incorporated the terms of the prior assignment to MAC. *Id*. at 1118. In those unusual circumstances, the Court concluded that "this series of agreements clearly transferred to Minco the right to sue for past infringement." *Id*.

The facts here are distinguishable from *Minco*. Here, there was a single assignment from Touchmusic to Ziklag. The assignment makes no reference to past infringement. Instead, it merely "conveys, transfers, and assigns all of Touchmusic's right, title, and interest in and to the Patent to Ziklag IP LLC." Appx017. This is precisely "the bare reference to all right, title, and interest," language that the Court in *Minco* observed would *not* suffice to transfer the right to pursue claims for past infringement. *Minco*, 95 F.3d at 1117. The assignment in this case simply does not contain any reference to past infringement, let alone expressly grant the right to pursue such claims.

There is no need to create a special rule in this case that treats assignments of expired patents differently. Parties to patent assignments are generally aware of the requirement that an assignment of the right to sue for past infringement must be expressly stated and face no difficulty in complying with that requirement. As Ziklag notes (Ziklag Br. at 11), that requirement has been in place since 1868. This Court

should not upend almost 160 years of precedent because Ziklag failed to follow it.

And, aside from the ease of drafting such a provision, parties can readily remedy any

drafting errors. Parties to an assignment agreement can amend it to expressly assign

the right to sue for past infringement, and the assignee could thereafter sue to claim

damages for infringement occurring within the prior six years. As a policy matter,

the rule requiring an express assignment of the right to sue for past infringement

does not unreasonably restrict the rights of patentees to enforce their patents. And

the present rule provides needed clarity to patent owners, litigants, and courts.

## III.    ZIKLAG'S CLAIMS ARE TIME-BARRED UNDER THE PATENT-DAMAGES STATUTORY LIMITATIONS PERIOD.

As AWS alternatively argued below, dismissal was also required because

Ziklag's claims are statutorily time-barred. Appx130-132. Under the statutory "Time

limitation on damages," 35 U.S.C. § 286,

> [e]xcept as otherwise provided by law, no recovery shall
> be had for any infringement committed more than six
> years prior to the filing of the complaint … for
> infringement in the action.

Because Ziklag filed the amended complaint more than six years after the '128 patent

expired, Ziklag could not recover any damages regardless of whether it obtained the

right to sue for past infringement. Touchmusic filed the original complaint three days

before the six-year anniversary of the '128 patent's expiration, but that complaint

was concededly invalid because Touchmusic had been suspended by the State of

California. Ziklag could acquire no more rights than Touchmusic possessed, and Touchmusic's claims were already time-barred when it assigned the patent to Ziklag. The amended complaint cannot relate back to the invalid filing of the original complaint. The judgment thus can and, if necessary, should be affirmed on this alternative ground even though the district court did not reach it. *See Slaney*, 244 F.3d at 597 (explaining that affirmance is proper "on any ground supported by the record, even if different from the grounds relied upon by the district court").

### A.    Touchmusic's Original Complaint Was Invalid Because Touchmusic Was Suspended While Damages Were Available Under The Statutory Limitations Period.

Ziklag has acknowledged that a statute of limitations is "a substantive defense" and "subsequent revival" of a suspended company "does not prevent the running of the statute of limitations where an action is commenced during the period of suspension; if the statute runs prior to revival, the action is time barred." Appx148. Touchmusic remained suspended until after the six-year limitations period for recovery of damages for infringement of the asserted patent ran on March 5, 2024. Ziklag Br. at 8; Appx161 (April 12, 2024 Certificate of Revivor). Touchmusic's suspended status when it filed the original complaint thus meant "the filing of the complaint at the time it was filed was invalid." Appx137 (quoting Ziklag's counsel).

Although § 286 is titled "Time limitation on damages," Ziklag nevertheless argued in the district court that § 286 is not a statute of limitations. As a result, Ziklag

argued its amended complaint relates back to the original complaint's filing date of March 2, 2024. *See, e.g.*, Appx144. But Ziklag's argument is foreclosed by the Supreme Court's opinion in *SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*, 580 U.S. 328 (2017).

In *SCA Hygiene*, the Supreme Court extended its prior holding in the copyright context that "laches cannot defeat a damages claim brought within the period prescribed by the Copyright Act's statute of limitations" and held that the same logic applied to patent infringement claims as well. 580 U.S. at 334−36 (citing *Petrella v. Metro-Goldwyn-Mayer, Inc*., 572 U.S. 663, 677–80 (2014)). The defendant contended that § 286 differed from the corresponding provision of the Copyright Act, arguing that § 286 was "not a *true* statute of limitations," and that it could therefore assert a laches defense even if the claims were brought within the six-year limitations period specified by § 286. *SCA Hygiene*, 580 U.S. at 331–32, 336. In rejecting that argument, the Supreme Court repeatedly recognized that § 286 is a statute of limitations, even though it counts back from the date of suit rather than forward from the date of infringement. *Id*. at 339 ("[I]t would be exceedingly unusual, if not unprecedented, if Congress chose to include in the Patent Act both a *statute of limitations for damages* and a laches provision applicable to a damages claim.") (emphasis added); *id*. at 345 ("After surveying the pre–1952 case law, we are not convinced that Congress, in enacting § 282 of the Patent Act, departed from

the general rule regarding the application of laches to damages suffered within the time for filing suit set out in a *statute of limitations*.") (emphasis added); *see also id.* at 336–37 (rejecting the argument that § 286 is not a true statute of limitations because it "runs backward" and is tied to the date of the filing of a complaint).

After *SCA Hygiene*, this Court and district courts have likewise recognized that § 286 is a statute of limitations. *See, e.g.*, *Anza Tech., Inc. v. Mushkin, Inc.,* 934 F.3d 1359, 1366 (Fed. Cir. 2019); *Exmark Mfg. Co. v. Briggs & Stratton Power Prod. Grp., LLC*, 879 F.3d 1332, 1353 (Fed. Cir. 2018); *Alps S., LLC v. Shumaker, Loop & Kendrick, LLP*, No. 2018-1717, 2018 WL 4522168, at *3 (Fed. Cir. June 14, 2018); *Fullview, Inc. v. Polycom, Inc.*, No. 18-CV-00510-EMC, 2020 WL 4196849, at *2 (N.D. Cal. May 12, 2020); *SNI Sols., Inc. v. Univar USA, Inc.*, No. 4:18-CV-4090, 2019 WL 3306215, at *3 (C.D. Ill. July 23, 2019). And even if Ziklag were correct that § 286 is not technically a statute of limitations, § 286 is a substantive defense that functions in the same manner as a statute of limitations for the reasons explained by the Supreme Court. *See SCA Hygiene,* 580 U.S. at 336−38. As such a defense, it accrued during Touchmusic's suspension and barred Touchmusic's claims. *Ctr. for Self-Improvement & Cmty. Dev. v. Lennar Corp.*, 173 Cal. App. 4th 1543, 1554, 94 Cal. Rptr. 3d 74, 81 (2009) (explaining that "substantive defenses that accrue during the time of [a California entity's] suspension" will continue to bar claims notwithstanding the entity's subsequent

revival). And because Touchmusic's claims were time-barred, Ziklag's claims were also time-barred, as discussed below.

### B.    Ziklag's Claims Are Time-Barred.

In the district court, Ziklag contended that even though Touchmusic's claims were time-barred due to its suspension, Ziklag's filing of an amended complaint could relate back to the date Touchmusic filed the original complaint. That argument lacks merit for multiple reasons.

First, Touchmusic was not revived until April 12, 2024, over six years after the '128 patent expired on March 5, 2018. Appx161. By then, Touchmusic's patent infringement claims were time-barred under § 286. Touchmusic could assign to Ziklag only the rights Touchmusic then possessed. *See, e.g., Kennedy v. Wright*, 867 F.2d 616, 1989 WL 5240, at *2 (Fed. Cir. Jan. 26, 1989) (nonprecedential) ("It is a familiar tenet of law that *nemo dat qui non habet*: he who hath not, cannot give."). Even if Touchmusic had assigned the right to pursue past infringement, Ziklag's claims would be equally subject to a § 286 defense. *See, e.g., Perry v. Globe Auto Recycling, Inc.*, 227 F.3d 950, 953 (7th Cir. 2000) (recognizing the rule that "the assignee stands in the shoes of the assignor" such that the "[assignee plaintiff] could receive no more than [his assignor] had"). Because Touchmusic's claims were time-barred before it assigned the '128 patent to Ziklag, Ziklag's claims must be as well.

Second, permitting an assignment and the relation-back doctrine to allow

Touchmusic and its principal, Mr. Johnson, to cure the consequence of Touchmusic's suspension for failure to pay taxes makes no sense. Allowing a new entity that did not even exist at the time the suspended company filed the original suit to replace the suspended company as plaintiff without any consequence would permit suspended California companies like Touchmusic to do an end run around the well-established rule that "'[i]f the statute [of limitations] runs prior to revival, the action is time barred.'" *621 Two LLC v. Leggett & Platt, Inc*., No. CV 20-4883 PSG (EX), 2021 WL 4355450, at *3 (C.D. Cal. July 9, 2021) (quoting *V&P Trading Co., Inc. v. United Charter, LLC*, 151 Cal. Rptr. 3d 146, 150 (Cal. App. 2012), *aff'd*, No. 21-55871, 2022 WL 16916365 (9th Cir. Nov. 14, 2022)); *see also V&P Trading Co.*, 151 Cal. Rptr. 3d at 152 (distinguishing a capacity to sue objection from the statute of limitations defense because "[w]hen the statute of limitations has run, the action is barred once and for all and cannot be renewed at another time."). And this rule applies where limitations-based defenses to a California entity's federal claims accrued during the entity's suspension to bar those claims notwithstanding the entity's eventual revival. *Computer Prods. Int'l, Inc. v. United States*, 26 Cl. Ct. 518, 527 (Cl. Ct. 1992) ("The facts in the present case clearly indicate that the statute of limitations included in the Contract Disputes Act, together with applicable California law, bar the plaintiff from maintaining the instant action, notwithstanding the fact that plaintiff subsequently, albeit very belatedly, obtained a certificate of

revivor."); *see also Community Electric Service, Inc. v. National Electric Contractors Association*, 869 F.2d 1235, 1239−41 (9th Cir.1989) (holding statute of limitations defense to Sherman Act and federal RICO claims that accrued during California entity plaintiff's suspension barred plaintiff's claims notwithstanding its later revival), overruled on other grounds by *Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1141 (9th Cir. 1990) (on a Rule 11 Sanctions issue).

Courts that have addressed whether an amended complaint can relate back to the filing date of an original complaint that was filed by a suspended California entity agree that such plaintiffs may *not* benefit from the relation-back doctrine. *See, e.g., Harutunian v. Link United States*, No. 20STCV00876, 2023 Cal. Super. LEXIS 13721, *12−13 (Cal. Super. Ct. Feb. 3, 2023) (reasoning that allowing this would "gut" the principle articulated under the California Revenue and Tax Code that provides that "reinstatement shall be without prejudice to any action, defense or right which has accrued by reason of the original suspension or forfeiture") (quoting Cal. Rev. & Tax. Code, § 23305a). Simply put, a limitations period defense accruing during an entity's suspension still applies after any reinstatement regardless of further amendments to the complaint made post-revival. If Touchmusic could not have benefited from the relation-back doctrine by filing an amended complaint, there is no reason Ziklag should be allowed to do so.

Finally, during the district court proceedings, Ziklag acknowledged that "the

running of a statute of limitations during the time of [a] corporation's suspension prevents a later complaint from relating back to the date of a complaint filed during the suspension." Appx144; *see also* Appx137 (admitting that "revival of the corporation does not allow a plaintiff to relate the revival back to the date of the filing of the complaint for purposes of a statute of limitations"). Ziklag instead took the position that the general rule prohibiting relation back of the complaint did not apply because, according to Ziklag, § 286 is not a statute of limitations. But as discussed above, that argument lacks merit.

The fact that Ziklag's claims are time-barred thus provides an alternative basis for affirming the judgment dismissing Ziklag's infringement claim against AWS.

## CONCLUSION

The Court should affirm the judgment dismissing Ziklag's complaint.

Respectfully submitted,

/s/ Robert T. Cruzen
Robert T. Cruzen
Caroline L. Desmond
Klarquist Sparkman, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204-2988
(503) 595-5300
rob.cruzen@klarquist.com
caroline.desmond@klarquist.com

*Counsel for Appellee*
*Amazon Web Services, Inc.*

September 10, 2025

22

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS**

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☒     the filing has been prepared using a proportionally spaced typeface and includes 5,207 words.

☐     the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐     the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

September 10, 2025          /s/ Robert T. Cruzen
Date                                    Robert T. Cruzen

                                        *Counsel for Appellee*
                                        *Amazon Web Services, Inc.*